# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1541 | **DATE** | June 25, 2008 |
| **CASE TITLE** | Reginald Brewer (#2007-0062617) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court appoints Carl Buck, Rathbun Cservenyak & Kozol, LLC, 618 Main Street, Plainfield, Illinois 60544 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. The case is set for a status hearing on 8/28/08 at 9:30 a.m.

■ **[For further details see text below.]**                                                          Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim that Defendants, county and jail officials and health care providers, have violated Plaintiff's constitutional rights by subjecting him to unreasonable strip searches, by exposing him to tuberculosis, by acting with deliberate indifference to his safety, and by subjecting him to otherwise inhumane conditions of confinement.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District
**(CONTINUED)**

mjm

**STATEMENT  (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, however, the Court cannot determine whether Plaintiff may have a viable claim under 42 U.S.C. § 1983. Because Plaintiff does not appear to have the wherewithal to present his claims, the Court hereby appoints Carl Buck / Rathbun, Cservenyak & Kozol, LLC / 618 Main Street / Plainfield, Illinois 60544 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.  After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

Although Plaintiff has filed multiple lawsuits in the past two months, the amended complaint in this case should encompass only claims regarding the conditions of Plaintiff's confinement at the Cook County Jail.  In addition, counsel is advised that there are two class actions pending in this district regarding strip searches at the Cook County Jail.  *See Young v. Cook County*, Case No. 06 C 0552 (N.D. Ill.) and *Streeter v. Cook County*, 08 C 0732 (N.D. Ill.).  Counsel may wish to consult with Plaintiff to determine whether he wishes to file his own, independent lawsuit or simply file claims in those cases. If counsel is unable to file an amended complaint, he should so inform the Court.